**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 01-CR-30181-WDS |
| ) | |
| DARWIN DEMOND CRAWFORD, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Before the Court are defendant's pro se motions seeking retroactive application of the sentencing guidelines to crack cocaine offenses (Docs. 31 and 38). The Court appointed Assistant Federal Defender Dan Cronin to represent the defendant. The Probation Officer has determined, and appointed counsel concurs, that the defendant is not eligible for a reduction in sentence because he was sentenced as a career offender. On that basis, Mr. Cronin has moved to withdraw from further representation. (Doc.37).

The Seventh Circuit has held that "the amendments [to the Advisory Sentencing Guidelines for crack cocaine offenses] leave the career-offender guideline unchanged" *United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011). A review of the record reveals that the defendant was sentenced as a career offender. Therefore, the relief which the defendant seeks is not available to him. Although the Court is encouraged by the progress the defendant has made while incarcerated, including completing his G.E.D., the prison drug program and several other prison programs, those accomplishments cannot change the fact that he remains ineligible for a reduction under any of the amendments to the Advisory Sentencing Guidelines for crack cocaine offenses.

Accordingly, the Court **GRANTS**, the motion to withdraw (Doc. 37) and **DENIES** defendant's motions for a reduction in sentence (Doc. 31 and 38) because the defendant is not entitled to a reduction.

**IT IS SO ORDERED.**

**DATE:   30 March, 2012**

**/s/  WILLIAM D. STIEHL**
**DISTRICT JUDGE**
